UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MINNESOTA

| | |
|---|---|
| Noah Petersen and Paul Sarenpa, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-v-<br><br><br>Life Time Fitness, Inc., a Minnesota Corporation,<br><br>Defendant. | Court File: _____<br><br><br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

This is a Class and Collective Action Complaint brought to obtain monetary and equitable relief on behalf of a class of individuals who received unsolicited text message calls to their cellular telephones from Life Time Fitness, Inc. ("LTF"). The TCPA and Federal Communications Commission ("FCC") rules ban most commercial text messages sent to a mobile phone using an auto-dialer. Such texts are banned unless (1) the recipient previously gave consent to receive the message or (2) the message is sent for emergency purposes. The ban applies even if the consumer has not placed his or her mobile phone number on the national Do-Not-Call list of numbers telemarketers must not call. The public policy behind the TCPA is to address telemarketing abuses attributable to the receipt of unsolicited faxes. "Congress clearly identified the animating purpose of the TCPA: to prevent advertisers from unfairly shifting the cost of their advertisements to consumers … ." LTF has a practice of sending unsolicited text messages to individuals' cell phones.

Plaintiffs, for their Complaint against Defendants, state and allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters upon information and belief:

### Nature of the Case

1.  Spam text messages sent to cellular telephones are an expensive and annoying problem for consumers and network operators in the United States. Additionally, the increasingly sophisticated nature of cellular telephones allows spammers to engage in sophisticated attacks through a phones' voice and data channels using SMS to entice users to visit certain websites, which may be harmful.

2.  A 2013 study by the University of Minnesota and AT&T Research Labs found that more than 69% of mobile users claimed to have received text spam. *See* http://goo.gl/1CQf8h. The research paper observed that spam text messages inflict "financial loss to mobile users and adverse impact to cellular network performance." *Id.*

3.  In a recent effort to entice former members to return to LTF, Defendant sent unauthorized text messages using computer software designed to "blast" text messages to thousands of telephone numbers simultaneously. The unauthorized text messages offered: "$0 enrollment with Jumpstart personal training package. Ends 3/31. Text to 763-291-1664 or call 763-971-0404." Upon information and belief, Defendant sent other, similar texts, to individuals over the course of several months. One piece of

computer software used by LTF advertises: "START MASS TEXTING IN 60 SECONDS" http://www.tellmycell.com.

4. By effectuating unauthorized text messages calls, Defendant has caused consumers actual harm because (1) consumers frequently have to pay their cell phone service providers to receive text messages, including spam messages, and (2) consumers are subjected to aggravation that accompanies the receipt of spam messages.

5. In order to redress these injuries, Plaintiffs, on behalf of themselves and a nationwide class of similarly situated individuals, brings suit under the Telecommunications Privacy Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), which prohibits unsolicited voice and text calls to cell phones.

6. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all spam text messaging activities and an award of statutory damages to class members, together with costs and reasonable attorneys' fees.

**Parties, Jurisdiction, and Venue**

7. Plaintiff Noah Petersen is a resident of Plymouth, Minnesota. He is a current LTF member. Mr. Petersen terminated a previous membership agreement with LTF, which he purchased with his girlfriend.

8. Plaintiff Paul Sarenpa is a resident of Crystal, Minnesota. He is a former LTF member, having terminated his membership contract in November 2013.

9. Defendant LTF is a Minnesota corporation doing business in the State of Minnesota and throughout the United States and Canada. It markets itself as "The Healthy Way of Life Company," and is a diversified lifestyle brand that operates heath clubs, yoga studios, spas, and medical clinics and distributes fitness products, including private-label nutritional supplements.

10. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

11. This Court has personal jurisdiction over the parties because Plaintiffs are residents of Minnesota and Defendant LTF is a domestic corporation transacting business in Minnesota.

12. Venue is proper in this judicial district because all parties are residents of this judicial district.

**Facts**

13. Text message advertising is a growing trend in electronic marketing that allows marketers to reach potential customers nearly instantly no matter where the individual may be.

14. A text message, also called an "SMS message," which is an acronym for short message service, is a text message call directed to a wireless

4

device through the use of the telephone number assigned to the device. When a text message call is made, the recipient's cell phone alerts him or her that the message has been received.

15. One mass text messaging service, which is used by Defendant LFT, advertises: "Text messages are a brief, effective, inexpensive means of communication. Over 95% of text messages are opened within minutes of delivery! Most people carry their cellular phones with them wherever they go, so unlike email, text messages can reach people when they are away from their desks." http://www.tellmycell.com/faq/#smsadv.

16. Unlike email or conventional advertisements, text messages can cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

17. Defendant LTF has directed the mass transmission of text messages to cell phones of individuals who it hoped would become members of its health clubs.

18. For instance, on or about March 31, 2014, Plaintiff Petersen received the following text message from Defendant LTF:



19. Similarly, Plaintiff Sarenpa received a text message that is substantially similar to the one the follows:



20. The "from" field of the transmission was identified cryptically as "882-02," which is an abbreviated telephone number known as a "short code" that is used to send and receive text message calls.

21. Plaintiff Petersen, while a current member of LTF did not provide legal consent to receive text message marketing from Defendant LTF.

22. Plaintiff Sarenpa is a former LTF member who did not consent to receive text message marketing from Defendant LTF, and did not expect to receive any communication, particularly text message marketing, from Defendant after he terminated his relationship with the company.

### Class Action Allegations

23. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Rules of Civil Procedure on behalf of a class defined as follows:

> All persons in the United States and its territories who received one or more unauthorized text messages on behalf of Life Time Fitness.

Additionally, Plaintiff Sarenpa brings this action on behalf of a subclass of individuals defined as follows:

> All persons in the United States and its territories who received one or more unauthorized text messages on behalf of Life Time Fitness and who are former members of Life Time Fitness.

Plaintiffs reserve the right to redefine the class or subclass prior to class certification.

24. Numerosity: Members of the proposed class are so numerous that their individual joinder is impracticable. The precise number of members is

unknown to Plaintiffs at this time. However, upon information and belief, it is at least several hundred individuals. The true number of proposed class members is, however, known by Defendant, and thus, class members may be notified of the pendency of this action by first class mail, electronic, and published notice using information in Defendant's membership and marketing records.

25. Commonality: There are numerous questions of law and fact common to Plaintiffs and the proposed class; those questions predominate over any questions that may affect individual Class members, and include the following:

     a.  whether Defendant violated the TCPA by sending unauthorized text messages to Plaintiffs and members of the proposed classes; and

     b.  Whether Plaintiffs and members of the proposed classes entitled to treble damages based on the willfulness of Defendant's conduct.

26. Typicality: Plaintiffs' claims are typical of the other members of the proposed classes because they received unauthorized mass text messages sent by Defendant.

27. Adequacy: The named Plaintiffs will adequately represent the interests of the proposed class. They have been treated in the same manner as other proposed class members by Defendants and have been damaged by

this treatment in the same manner as other proposed class members by Defendant's unauthorized transmission of text messages. Plaintiffs are committed to vigorously prosecuting this action. Plaintiffs have retained attorneys who are well qualified to handle lawsuits of this type. Plaintiffs have no interests that are adverse to those of the proposed class.

28. Predominance: This case should be certified as a class action because the common questions of law and fact concerning Defendants' liability for sending unauthorized text messages.

29. Superiority: A class action is the only realistic method available for the fair and efficient adjudication of the claims of the proposed class. The expense and burden of individual litigation makes it impracticable for members of the proposed class to seek redress individually for the wrongful conduct alleged in this Complaint. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, and create the risk of inconsistent rulings, which would be contrary to the interest of justice and equity. Litigating these claims in a single action will streamline discovery and avoid needless repetition of evidence at trial.

**Cause of Action**

Count One
VIOLATION OF THE TCPA
47 U.S.C. § 227, *et seq.*
Brought by the named Plaintiffs on behalf of the Classes

30. Plaintiffs re-allege all paragraphs of this Complaint.

31. The TCPA states, in part:

> It shall be unlawful ... (A) to make any call (other than a call made for emergency purposes **or made with the prior express consent of the called party**) using any automatic telephone dialing system or an artificial or prerecorded voice … (iii) to any telephone number assigned to a … cellular telephone … .

> (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver the message **without the prior express consent of the called party**, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B).

§ 227(b)(1).

32. The TCPA defines "telemarketing call," or "telephone solicitation," as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of … services, which is transmitted to any person."

33. Prior express consent of the called party requires telemarketers to obtain prior express written consent of the called party. The consent must meet all of the following requirements:

- A writing bearing the written or electronic signature of the person providing consent;
- Specify the telephone number to which the person is consenting to be called;

10

- Clearly authorizes the company to call the person using an auto-dialer system or prerecorded message for telemarketing purposes; and
- Is not a condition of purchasing goods or services.

27 C.R.C. § 64.1200(f)(8).

34. Defendant made unsolicited and unauthorized commercial text message calls, including the messages depicted above, to the wireless telephone numbers of the proposed classes.

35. Each such text message was made using equipment that had the capacity to store telephone numbers and to dial such numbers. By using such equipment, Defendant was able to effectively send text messages simultaneously to lists of hundreds or thousands of wireless telephone numbers without human intervention.

36. The text calls were made through the use of a short code dialing service and without the prior express consent of the Plaintiffs and the other members of the classes.

37. In doing so, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

38. As a result of Defendant's violation, the members of the classes suffered actual damages by, *inter alia*, having to pay their respective wireless carriers for the text messages where applicable and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each violation of the TCPA.

11

**Prayer for Relief**

**WHEREFORE**, Plaintiffs respectfully pray this Court award the following relief:

39. Certify the class and sub-class as defined above, appointing Plaintiffs as Class Representatives, and appointing the undersigned counsel of record as Class Counsel;

40. Award actual and statutory damages to Plaintiffs and the proposed classes;

41. Enter an injunction requiring Defendant to cease all wireless spam activities;

42. Award payment of any penalties or other amounts under any applicable laws, statutes or regulations;

43. Enter judgment in favor of each Class member for damages suffered as a result of the conduct alleged herein, to include pre-judgment interest;

44. Award Plaintiffs reasonable attorneys' fees and costs; and

45. Grant such other and further legal and equitable relief as this Court deems just and necessary.

**Jury Demand**

Plaintiffs demand trial by jury on all counts where jury is available.

Dated this 22nd day of April 2014.        BAILLON THOME JOZWIAK & WANTA LLP

13

/s Shawn J. Wanta                               .
Shawn J. Wanta, #0389164
Christopher D. Jozwiak, #0386797
222 South Ninth Street, Suite 2955
Minneapolis, MN  55402
Telephone:  (612) 252-3570
Facsimile:  (612) 252-3571
*Attorneys for Plaintiff*

13